02-12-223-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00223-CV

 

 


 
 
 Lurea
 Hornbuckle
  
  
 v.
  
  
 Bank
 of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP f/k/a
 Country Wide Home Loans Servicing, LP
 
 
 §
  
  
 §
  
  
 §
  
  
 §
 
 
 From County Court at Law
 No. 1
  
  
 of
 Tarrant County (2012-002389-1)
  
  
 February
 7, 2013
  
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed.

It
is further ordered that appellant Lurea Hornbuckle shall pay all costs of this
appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00223-CV

 

 


 
 
 Lurea Hornbuckle
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Bank of America, N.A. Successor by Merger to BAC
 Home Loans Servicing, LP f/k/a Country Wide Home Loans Servicing, LP
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
trial court signed a judgment of possession in this case in favor of Appellee
Bank of America, N.A. on May 24, 2012.  Proceeding pro se, Appellant Lurea
Hornbuckle filed notice of this appeal five days later.  On July 31, the trial
court clerk advised this court that Hornbuckle had not made arrangements to pay
for the clerk’s record on appeal, and the clerk of this court notified
Hornbuckle by letter on August 1 that her appeal would be dismissed for want of
prosecution if she did not make arrangements to pay for the clerk’s record. 
Hornbuckle provided proof of payment for the clerk’s record on August 13, and
the appeal proceeded.

          On
September 27, the court reporter advised this court that Hornbuckle had
requested but had not made arrangements to pay for the reporter’s record.  This
court thus advised Hornbuckle by letter that same day that we would consider
and decide those issues not requiring a reporter’s record unless she presented
proof of payment for the reporter’s record by October 8.  Hornbuckle failed to
do so, and we notified Hornbuckle by letter that her brief would be due on
November 12 but that the court would only consider and decide those issues that
did not require a reporter’s record.

          By
motion filed November 5, Hornbuckle requested an extension of time to file her
appellant’s brief.  This court granted the motion in part and ordered that
Hornbuckle’s brief be filed on or before December 12.

          By
motion filed December 6, Hornbuckle sought another extension of time to file
her appellant’s brief but also requested other forms of relief including
requests for consolidation of this appeal with an ongoing trial court
proceeding and for supplementation of the appellate record “to allow appellants
to produce chain of title proving ownership of property, and for appellees to
prove legal interest in property with relevant documents.”  This court granted
Hornbuckle’s motion in part on December 13, granting an extension of time for
filing an amended brief but denying all other relief requested.

          The
December 13 order noted that Hornbuckle had filed her initial brief on December
12, and the order specifically listed the numerous deficiencies within the
brief, noting its noncompliance with the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 9.4(h), 38.1(a), (c), (d), (f), (g), (i), (k).  The December 13
order granted Hornbuckle an extension of time until January 7, 2013, to file an
amended brief in compliance with the rules of appellate procedure and this
court’s local rules.  The order also advised Hornbuckle that her failure to do
so could result in the striking of her brief, the waiver of noncomplying
issues, or the dismissal of the appeal.

          Hornbuckle
filed an amended brief on January 7, but the amended brief also did not comply
with rule of appellate procedure 38.1 in that it did not include record
references, a clear and concise argument for the contentions made, or a
compliant appendix.  See Tex. R. App. P. 9.4(h), 38.1(d), (g), (i),
(k).  In short, a review of Hornbuckle’s amended brief reveals that it is
defective in substance and form and fails to present arguments that will enable
this court to decide the case.  See Tex. R. App. P. 38.9(a), 42.3; see
also Mendoza v. Fiesta Mart, Inc., No. 02-12-00324-CV, 2013 WL 260923, at
*1 (Tex. App.—Fort Worth Jan. 24, 2013, no pet. h.) (mem. op.) (striking
appellant’s amended, noncompliant brief and dismissing appeal).

          Rule
38.9 provides that “substantial compliance” with the briefing rules is
required.  Tex. R. App. P. 38.9.  If an appellate court determines that the
briefing rules have been flagrantly violated as to form, the court may require
the appellant to amend, supplement, or redraw her brief.  Tex. R. App. P.
38.9(a).  If the appellant files another brief that does not comply, the court
may strike the brief, prohibit the party from filing another, and proceed as if
the party did not file a brief.  Id.

          Accordingly,
because this court has informed Hornbuckle of the substantial defects in her
brief and has provided multiple extensions of time to file a compliant brief,
and because Hornbuckle has failed to file an amended brief that substantially
complies with the requirements of rule 38 or that presents arguments that will
enable this court to decide her appeal, we strike each of Hornbuckle’s briefs
and dismiss this appeal.  See Tex. R. App. P. 38.8(a)(1), 38.9(a),
42.3(c), 43.2(f); Newman v. Clark, 113 S.W.3d 622, 623 (Tex. App.—Dallas
2003, no pet.).

Appellant
shall pay all costs of this appeal, for which let execution issue.  See
Tex. R. App. P. 43.4.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  February 7, 2013









[1]See Tex. R. App. P. 47.4.